```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ZAFRIRA FRIEDMANN, | CIVIL ACTION NO. 08-1859 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| RIESE ORGANIZATION CORPORATE GROUP, |  |
| Defendant. |  |

**THE COURT** ordering the plaintiff, who is pro se, to show cause why (1) the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, or (2) assuming there is jurisdiction, the action should not be transferred to another federal district court under Section 1404 (dkt. entry no. 3, Order to Show Cause ("OTSC")); and the plaintiff bringing the action to recover damages for a personal injury suffered on April 20, 2005 (dkt. entry no. 1, Compl.);[1] and the plaintiff, in response to the order to show cause, showing that (1) she is a New Jersey citizen, (2) the defendant, listed as Riese Organization Corporate Group ("ROCG"), is a New York corporation with its principal place of business in the Borough of Manhattan, City of New York, State of New York ("Manhattan"), which the Court notes is within the federal district for the Southern District of New York, and (3) jurisdiction exists (dkt. entry no. 4, Pl. Resp.,

---

[1] The plaintiff paid the filing fee. (See dkt. entry no. 1.)

at 1); and the Court thus intending to vacate the part of the order to show cause concerning dismissal; and

**THE PLAINTIFF** asserting in the complaint, without more, that she was injured "at defendant's restaurant", without specifying the geographical location where the alleged injury occurred (Compl., at 1); and the Court being concerned that this action has been brought in the wrong federal district court, see <u>Decker v. Marriott Hotel Servs.</u>, No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer to Virginia even though plaintiff was Pennsylvania citizen, as defendant operated facility at issue and accident occurred in Virginia), <u>Jolly v. Faucett</u>, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as (1) defendant from, and accident occurred in, Maryland, and (2) Maryland law applied); and it appearing that the venue where a plaintiff is receiving medical treatment for an injury does not control, <u>Rahwar v. Nootz</u>, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (granting motion to transfer, even though plaintiff was citizen of venue where action brought, and rejecting argument that action should be in home venue as medical treatment ongoing there), <u>Nanni v. Meredith Paving Corp.</u>, No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same); and the Court having broad discretion under Section 1404 to consider a transfer of venue to

a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and the Court thus ordering the plaintiff to specify where the injury at issue occurred (OTSC, at 5); and

**THE PLAINTIFF**, in response, alleging that she suffered her injuries at the defendant's restaurant located in Manhattan (Pl. Resp., at 2); but the plaintiff arguing that she is:

> now 65 years old.  It would be very inconvenient for me to travel to New York for this case.  It would also be inconvenient for my witness Tamar Friedmann

(id.); but it appearing that this argument is without merit, as the plaintiff — when she was approximately 62 years old — and her "witness" apparently were able to travel to Manhattan where the incident occurred, see Riddle v. Am. Airlines, No. 06-5100, 2007 WL 773758, at *1 n.1 (D.N.J. Mar. 9, 2007) (transferring action to venue of accident even though plaintiff opposed due to her health, as plaintiff had been able to travel to venue initially); and

**IT APPEARING** that this action would have been more properly brought in New York, where (1) the injury arose, the premises are located, and the defendant is based, i.e., Manhattan, (2) a court will be familiar with the site at issue, (3) most of the non-party witnesses probably live, work, and can be compelled to testify, (4) evidence will be found, (5) controlling New York law will be easily applied, and (6) citizens will have an interest in

the outcome, see Holiday v. Bally's Park Place, No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) (granting motion to transfer to New Jersey even though plaintiff was Pennsylvania citizen, as New Jersey law controlled, and New Jersey where (1) accident occurred, (2) defendant headquartered and conducted business, and (3) evidence likely found), see also Jolly, 2007 WL 137833, at *3; and thus the Court intending to (1) grant the part of the order to show cause concerning transfer of venue, and (2) transfer the action to the United States District Court for the Southern District of New York; and for good cause appearing, the Court will issue an appropriate order.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: May 19, 2008